UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:19-00212

DACHAUN MARCIES THAXTON

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered on October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding

status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On October 22, 2019, the defendant pled guilty to Count Four and Count Five of the five-count indictment. Count Four charged the defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and Count Five charged the defendant with possession of firearms in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). At the time of his original sentencing, the defendant had seven criminal history points, five points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status points. The defendant had a Total Offense Level of 27 and a Criminal History Category of IV for a Guideline range of 100 to 125 months as to Count Four, and as to Count Five, the firearm offense, a mandatory minimum of 60 months to be served consecutively to Count Four. On January 23, 2020, the court

imposed a downward variant sentence of imprisonment of 46 months on Count Four and a consecutive term of 60 months imprisonment on Count Five, to be followed by 5 years supervised release on each count to run concurrently with each other.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score is now five, which yields a lower Criminal History Category of III.  The new Criminal History Category of III with the Total Offense Level of 27, would result in an amended Guideline range of 87 to 108 months as to Count Four.  The 60-month mandatory consecutive sentence for Count Five, the firearm offense, would remain unchanged.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 46 months on Count Four, which sentence is already below the minimum of the amended guideline range of 87 to 108 months.  Pursuant to U.S.S.G. §1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Inasmuch as the defendant is not a zero-point offender, he is not eligible for the two-level decrease pursuant to Subpart 1 of Part B of the new §4C1.1 guideline.

Accordingly, it is ORDERED that the defendant's Criminal History Category is amended, and his Criminal History Category is now that of III. It is further ORDERED that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is hereby DENIED, and the sentence imposed on January 23, 2020, and set forth in the Judgment Order entered on January 29, 2020, remains in effect.

The court DIRECTS the Clerk to send a copy of this Order to defendant, the United State Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 3, 2024

John T. Copenhaver, Jr.
Senior United States District Judge